IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DAWN P.,

        Plaintiff,

   v.                                                                Civil Action No.
                                                                       5:22-CV-0120 (DEP)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

LAW OFFICES OF KENNETH       JUSTIN M. GOLDSTEIN, ESQ.
HILLER, PLLC
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226

FOR DEFENDANT

SOCIAL SECURITY ADMIN.         NATASHA OELTJEN, ESQ.
OFFICE OF GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on March 22, 2023, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: March 27, 2023
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
DAWN PERRY

                    Plaintiff,

vs.                              5:22cv0120


COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

------------------------------------------x
```

Transcript of a Decision from a Teleconference Hearing held on March 22, 2023, HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff: | LAW OFFICES OF KENNETH HILLER, PLLC<br>6000 North Bailey Avenue - Suite 1A<br>Amherst, NY 14226<br>  BY: JUSTIN M. GOLDSTEIN, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF THE GENERAL COUNSEL<br>6401 Security Boulevard<br>Baltimore, MD 21235<br>  BY: NATASHA OELTJEN, ESQ. |

*Lisa M. Mazzei, RPR*
*Official United States Court Reporter*
*10 Broad Street*
*Utica, New York  13501*
*(315) 266-1176*

1         (The following is an excerpt of a
2           teleconference hearing on 3/22/2023.)
3         THE COURT:  All right.  Thank you all.  I will have
4    to let that be the last word.
5         Let me begin my decision by thanking counsel for
6    excellent presentations.  I have enjoyed working with you on
7    this matter.
8         Plaintiff has commenced this proceeding pursuant to
9    42 United States Code Sections 405(g) and 1383(c)(3) to
10   challenge a determination by the Acting Commissioner of
11   Social Security finding that she was not disabled at the
12   relevant times and therefore ineligible for the social
13   security benefits for which she applied.
14        The background is as follows:
15        Plaintiff was born in November of 1964.  She is
16   currently 58 years of age.  She was 55 at the time of the
17   amended onset of disability, which was November 20, 2019,
18   according to the plaintiff's application and subsequent
19   amendment.
20        Plaintiff stands 5 foot 6 inches in height and has
21   weighed approximately 244 pounds at the relevant times.  She
22   is obese.  Plaintiff lives in a second floor apartment in
23   Solvay with her cousin.  She is a widow.  Plaintiff has two
24   years of college education.
25        While in school she attended regular classes.

1  Plaintiff has a driver's license.  Plaintiff stopped working
2  in November of 2019.  For the better part of her career,
3  including 2003 to March of 2018, she worked in a grocery
4  store as a clerk and cashier.  She has also worked as a
5  collections assistant, a medical office assistant, and a call
6  representative for two weeks in 2019.  She has worked since
7  2019 in positions including as a part-time receptionist where
8  she worked or works 20 hours per week, and that is since
9  October of 2020.
10          Physically, plaintiff suffers from lumbar
11  degenerative disc disease, right hip issues, which included a
12  right hip replacement on December 10, 2018.  She has ongoing
13  bursitis.  She also suffers from bilateral knee pain, right
14  shoulder pain, obesity, chronic obstructive pulmonary disease
15  or COPD, and Type 2 diabetes.
16          She has treated primarily with St. Joseph's
17  Physical Family Medicine since September 2019.  She has seen
18  several providers there, but primarily Physician's Assistant
19  Ashley Metzler.  She also has treated with various providers
20  at Syracuse Orthopedic Specialists or SOS, including with
21  Dr. Michael Clarke since October 2018.
22          In terms of activities of daily living, plaintiff
23  is able to cook, do some cleaning, some shopping.  She can
24  dress, she watches television, she reads, she socializes with
25  friends.  Plaintiff is a smoker.  She testified that she

1   currently smokes approximately 10 cigarettes per day, but
2   there is indication that she was smoking more than one pack
3   per day in the past.  She has been advised by health care
4   providers at both SOS and St. Joseph's to quit smoking.
5           Procedurally, plaintiff applied for Title 2 and
6   Title 16 benefits.  Title 2 application was made on
7   November 22, 2019.  The Title 16 SSI application was made on
8   November 25, 2019.  In both she has alleged initially an
9   onset date of May 18, 2018.  Although that was later amended,
10  as I indicated, to November 20, 2019.
11          In support of her application at page 301 of the
12  administrative transcript, she alleges disability based upon
13  her COPD, high blood pressure, hip replacement,
14  hypothyroidism and diabetes.  In that application and in that
15  adult report, there is no claim of knee pain, shoulder pain
16  or back pain.
17          A hearing was conducted on December 9, 2020, by
18  Administrative Law Judge Robyn Hoffman.  ALJ Hoffman issued
19  an unfavorable decision on March 2, 2021.  That became a
20  final determination of the Commissioner on January 5, 2022,
21  when the Social Security Administration Appeals counsel
22  denied plaintiff's application for review.  This action was
23  commenced on February 9, 2022, and is timely.
24          In her decision, ALJ Hoffman applied the familiar
25  five-step sequential test for determining disability.  At

1  Step One, she found that plaintiff had not engaged in
2  substantial gainful activity.  Over the relevant period, she
3  did note some work and concluded that if it arises to the
4  level of SGA or substantial gainful activity, she would treat
5  it as a failed work attempt.
6          She noted that plaintiff has received, during the
7  relevant period, unemployment benefits and found that that
8  was a factor for consideration and found that she is now
9  working part-time 20 hours per week and concluded that that
10 was also relevant to the disability analysis.
11         At Step Two, ALJ Hoffman concluded that plaintiff
12 does suffer from severe impairments that imposed more than
13 minimal limitations on her ability to perform work-related
14 functions, including obesity, COPD, status post right total
15 hip replacement with trochanteric bursitis, bilateral knee
16 arthritis, and lumbosacral degenerative disc disease.
17         At Step Three, she concluded that plaintiff does
18 not -- plaintiff's conditions do not meet or medically equal
19 a presumptively disabling condition set forth in the
20 Commissioner's regulations.  Specifically citing listings
21 1.02, 1.04, 3.02 and 3.03.  The ALJ also noted that she
22 considered a Social Security Ruling or SSR 19-2P, which
23 relates to obesity.
24         After surveying the evidence of record, the ALJ
25 concluded that plaintiff retains the residual functional

1  capacity or RFC to perform sedentary work, notwithstanding
2  her impairments, and specifically found that the claimant can
3  lift and carry 20 pounds occasionally and 10 pounds
4  frequently, sit for approximately six hours and stand or walk
5  for approximately two hours, all in an eight-hour workday
6  with normal breaks.  She can occasionally kneel, crouch,
7  crawl and climb ramps, stairs, ladders, ropes or scaffolds.
8  She can frequently balance and stoop.  The claimant should
9  avoid exposure to excessive amounts of respiratory irritants
10 such as dust, odors, fumes, gases and extreme hot and cold
11 temperatures.
12          At Step 4, applying that residual functional
13 capacity, the Administrative Law Judge concluded that
14 plaintiff is capable of performing her past relevant work, a
15 customer service representative, as it was actually performed
16 by her and therefore found it was not necessary to proceed to
17 Step 5 of the sequential analysis.
18          As the parties know, my role in this case is to
19 determine whether correct legal principles were applied and
20 the resulting determination is supported by substantial
21 evidence.  As the Second Circuit has noted on several
22 occasions, including in *Brault vs. Social Security*
23 *Administration Commissioner,* 683 F.3d from the Second Circuit
24 June 29, 2012, it is an extremely deferential standard that I
25 must apply.  The Second Circuit noted that under that

1  standard, the -- if an ALJ finds a fact, that fact can be
2  rejected only if a reasonable fact finder would have to
3  conclude otherwise.
4         Substantial evidence of course is defined as such
5  evidence as a reasonable might accept as adequate to support
6  a conclusion.  That standard was more recently confirmed by
7  the Second Circuit in *Schillo v. Kijakazi,* 31 F.4th, 64.
8  That's from the Second Circuit, 2022.
9         In this case, plaintiff raises essentially two
10 basic contentions:
11        First, she argues that the ALJ's evaluation of the
12 medical opinion evidence was erroneous.  She points, in part,
13 to the opinions of Dr. Putcha and Dr. Seok to state agency
14 consultants who issued prior administrative findings
15 demonstrate that the plaintiff has issues with standing and
16 walking.  And also, Dr. Jenouri who found some limitation at
17 plaintiff's ability to stand and walk.
18        She also challenges the ALJ's rejection of the
19 opinions of Ms. Metzler, who I may have mistakenly referred
20 to as a physician's assistant -- well, she is a physician's
21 assistant, and -- so the second contention is focused on the
22 environmental limitations.  The medical opinions of
23 Dr. Putcha, Dr. Seok and Dr. Jenouri are unanimous that
24 plaintiff should avoid any exposure to respiratory irritants.
25        The administrative law judge in her RFC finding, as

1    I previously indicated, found that the plaintiff only need
2    avoid excessive exposure to respiratory irritants.  The
3    vocational expert, according to the plaintiff, a vocational
4    expert should have been asked about the impact of that
5    limitation at Step Four on the past relevant work finding.
6              Addressing first the medical opinions, this case,
7    based on the date of filing, is subject to the new
8    regulations which took effect for applications filed after
9    March of 2017.  Under those regulations, an ALJ no longer
10   defers or gives specific evidentiary weight, including
11   controlling weight to any medical opinions, but instead must
12   consider those opinions using the relevant factors.
13   Particularly, considering the two factors of supportability
14   and consistency of those medical opinions.  The ALJ must
15   articulate how persuasive he or she found each medical
16   opinion and must explain how he or she considered those two
17   key factors.  In addition, the ALJ may also, but is not
18   required to, explain how he or she considered the other
19   relevant factors as appropriate and set forth in the
20   governing regulations, including 20 CFR Sections 404.1520c(b)
21   and 416.920c(b).
22             In this case, the Administrative Law Judge
23   evaluated the three -- the four, I should say, medical
24   opinions of record at pages 16 and through 18.  She first
25   found that the opinion of Dr. S. Putcha as affirmed by

1  Dr. I. Seok, persuasive.  And she addressed the
2  supportability of the opinions and the consistency of those
3  opinions and concluded that the findings, which she outlined,
4  generally support those conclusions that the claimant could
5  sustain light exertion and frequently perform postural
6  activities.  She did not, when she was addressing the
7  opinions of Dr. Seok and Dr. Putcha, state why she rejected
8  the no exposure to environmental irritants.
9         She also addressed Dr. Jenouri's opinion and found
10 that largely persuasive, as supported by his examination
11 findings and consistent with other findings and opinions.
12 The ALJ did, at the top of page 18, find it reasonable to
13 adopt the proposed restrictions against respiratory irritants
14 despite the fact that the claimant continues to smoke, but
15 did not explain why she rejected the no exposure and instead
16 went with excessive exposure.
17        Physician's Assistant Metzler is evaluated at page
18 18 and found to be not persuasive.  The reasons given are
19 included at page 18.  One, they appear to be primarily based
20 on plaintiff's subjective complaints rather than objective
21 medical findings, which I find is an appropriate
22 consideration particularly in a case of a physical
23 impairment.
24        In addition, it is inconsistent with other medical
25 evidence in the record and opinions, and those opinions and

1   the medical evidence was detailed earlier in the decision.
2           Three, the limitations proposed by Ms. Metzler are
3   not supported by her own examination findings and there is a
4   description of why.
5           And then, four, many of the examinations with her
6   primary care provider have been generally unremarkable.  He
7   noted -- she noted also that there was no evidence in the
8   record to support any claim of inability of the plaintiff to
9   maintain attention or concentration or work stress.  Nor is
10  there any evidence that would suggest that plaintiff would be
11  absent from work, as opined by Physician's Assistant Metzler.
12          Obviously, as you know, it is the duty of the
13  Administrative Law Judge to weigh conflicting medical
14  opinions and a court may not reweigh the opinions, but only
15  must determine if the correct weight was assigned and is
16  supported by substantial evidence.  *Veino v. Barnhart,* 312
17  F.3d 678 from the Second Circuit 2002.
18          In this case, as I indicated, Dr. Putcha found that
19  plaintiff is capable of working six hours out of an
20  eight-hour workday.  That's at 71,84, and 97, can sit for six
21  hours out of an eight-hour workday.  These limitations are
22  fully consistent with sedentary work.
23          The doctor did find that plaintiff may have mild
24  limitations when engaged in standing for long periods.
25  That's at 73 to 99.  There is no explanation of -- no

articulation of what that precisely means. Dr. Seok affirmed that finding and that was also found to be persuasive.

Although these were issued in 2020, I do not find that they are stale. I don't -- I have reviewed carefully the St. Joseph's and SOS records of treatment, and I don't find any deterioration of plaintiff's condition that would suggest that these opinions are no longer valid.

Dr. Jenouri's opinion was found largely persuasive, and the ALJ concluded that that warranted greater restrictions than Dr. Putcha and Dr. Seok. And specifically limited plaintiff to standing and walking two hours, which would preclude light work, but would be consistent with sedentary work. That was explained and well defended.

The finding that -- of Dr. Jenouri that plaintiff had a mild to moderate restriction in walking, standing and sitting for long periods is not inconsistent with the RFC in this case. In fact, it is -- has been found by this Court not to be inconsistent with the ability to perform light work. *Randy L.B. vs. Commissioner of Social Security,* 2019 West Law 2210596 from the Northern District of New York, May 22, 2019, from then Chief Judge Glenn T. Suddaby.

Physician's Assistant Metzler did issue a more limiting opinion on December 21, 2020. It was discussed, as I previously indicated, and found not to be persuasive; reasons are cited. The plaintiff's exam findings failed to

Case 5:22-cv-00120-DEP   Document 16   Filed 03/27/23   Page 15 of 18

12

1  support.  I have reviewed carefully the exam findings of the
2  treatment providers, including SOS and St. Joseph's.  Many of
3  them, although referencing pain, do not seem to support
4  Nurse -- Physician's Assistant Metzler's opinion.
5         And on December 12, 2019, there is a notation that
6  plaintiff did not go to physical therapy, as discussed, and
7  stated she was going to have to live with the pain.  And
8  there are similar notations, there are times when plaintiff
9  denied back pain.  So I find that the rejection of
10 Physician's Assistant Metzler's opinion is supported by
11 substantial evidence and was proper.
12        The issue of environmental irritants gives room for
13 pause.  As indicated and as observed by the Administrative
14 Law Judge, the plaintiff smokes; would be seemingly
15 inconsistent with any requirement that she avoid any exposure
16 to irritants.  The RFC states to avoid excessive exposure to
17 irritants.  It is true that the opinions of Dr. Putcha,
18 Dr. Seok and Dr. Jenouri are all more restrictive and say
19 that plaintiff should avoid any exposure to respiratory
20 irritants.
21        In a perfect world, it would have been helpful if
22 the Administrative Law Judge had explained why she rejected
23 that in favor of a less restricted RFC concerning
24 environmental irritants.  However, I find that any such error
25 would be harmless.

LISA M. MAZZEI, RPR
Official U.S. Court Reporter

1           At Step Four, the Administrative Law Judge found
2  that plaintiff is unable -- is capable of performing her past
3  relevant work as she performed it.  At Step Four, plaintiff
4  bore the burden of establishing why she could no longer
5  perform her past relevant work, given her conditions.
6           I have reviewed the record, including her
7  testimony.  As set forth, for example, on page 40 where she
8  described why she could no longer perform her past relevant
9  work, there does not appear to be any mention of, she is no
10 longer able to work because of exposure to respiratory
11 irritants.  So I find that if there was error, any such error
12 was harmless.  *Lewis v. Commissioner of Social Security,* 2018
13 West Law 557869 from the Northern District of New York,
14 January 16, 2018.
15          Which brings me to the Step Four finding.  A
16 vocational expert certainly is not required at Step Four.  It
17 is helpful, and many administrative law judges do use
18 testimony of a vocational expert on the issue of how a
19 particular job is performed in the national economy.  And I
20 agree, vocational expert testimony would be necessary and
21 helpful in that case.  But, again, the finding was plaintiff
22 cannot perform her past relevant work as she actually
23 performed it.  She bore the burden of demonstrating that she
24 is unable based upon her exposure to irritants and she did
25 not carry that burden.

1          I therefore conclude that plaintiff's -- the RFC
2  determination of the Administrative Law Judge is supported by
3  substantial evidence.  The evaluation of plaintiff's
4  medical -- the opinion evidence in the record was proper and
5  the plaintiff is inviting the Court to reweigh that evidence,
6  something which is not the Court's function.
7          Accordingly, I find that correct legal principles
8  were applied and substantial evidence supports the resulting
9  determination.  I will therefore grant judgment on the
10 pleadings to the defendant, order dismissal of plaintiff's
11 complaint.
12         Hope you both have good afternoons.  Thank you.
13         MR. GOLDSTEIN:  Thank you.
14         MS. OELTJEN:  Thank you.
15              (Court adjourned, 12:04 p.m.)

```
 1              CERTIFICATE OF OFFICIAL REPORTER

 2

 3    I, LISA M. MAZZEI, RPR, Official U.S. Court

 4    Reporter, in and for the United States District

 5    Court for the Northern District of New York, DO

 6    HEREBY CERTIFY that pursuant to Section 753, Title

 7    28, United States Code, that the foregoing is a true

 8    and correct transcript of the stenographically

 9    reported teleconference proceedings held in the

10    above-entitled matter and that the transcript page

11    format is in conformance with the regulations of

12    the Judicial Conference of the United States.

13

14                    Dated this 24th day of March, 2023.

15

16

17                          /S/ LISA M. MAZZEI

18                          LISA M. MAZZEI, RPR
                            Official U.S. Court Reporter
19

20

21

22

23

24

25
```